IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | Civil Action File No.:  07-CV-6113 |
| Plaintiff, | ) | Judge Gottschall |
| | ) | Magistrate Judge Denlow |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SCOTT SALES COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT SCOTT SALES COMPANY, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Scott Sales Company, Inc. and responds to the Complaint filed

against it by Plaintiff Native American Arts, Inc.

## I.  RESPONSE TO ALLEGATIONS OF THE COMPLAINT

1.      This is a suit brought under 25 U.S.C. §305 et seq., and §305e, The Indian Arts and

Crafts Act of 1990, and The Indian Arts and Crafts Enforcement Act of 2000 (collectively the

"IACA") and jurisdiction is based upon that Federal statute under 28 U.S.C. §1331 and pendent

jurisdiction.

**Answer**:  Defendant Scott Sales Company, Inc. ("Scott Sales") admits that the action has

been brought under 25 U.S.C. §305e and that subject matter jurisdiction of the controversy is

appropriate in the United States Federal Court system, including this Court.  Pendent jurisdiction

is irrelevant.  Scott Sales, however, disputes that the Court can exercise personal jurisdiction

over it regarding this controversy.

2.      Venue lies in the Northern District of Illinois, where Defendant conducts business

and engages in advertising, marketing, promotion, display and sales of the products alleged

herein in the Northern District of Illinois, sold goods into and shipped goods into the Northern

District of Illinois, and where most of the events alleged occurred, including but not limited to

where the products were purchased from, where marketing and advertising materials were

viewed and where the injury occurred.

**Answer**:  Scott Sales admits that it received, in Tennessee, an order for items from Plaintiff

and had product shipped from Tennessee to Plaintiff, all pursuant to a purchase order that

specifically states that Tennessee law would apply to disputes related to the items.  Scott Sales

denies that most of the events alleged in the Complaint have occurred in this District and denies

that injury has occurred in this District.  Scott Sales further asserts that there is a more

appropriate and more convenient forum for the controversy.

3.      Native American Arts, Inc. ("Native American Arts") is a wholly Indian owned arts

and crafts organization involved in the manufacture, distribution and sale of authentic Indian arts

and crafts with its headquarters in the Northern District of Illinois and is composed of members

of the Ho-Chunk Nation, an Indian tribe recognized by the U.S. Government.  Native American

Arts meets the definition of an Indian arts and crafts organization as defined in Title 25 U.S.C.

§305e and §305 et. seq.  Native American Arts has standing to bring this action under the Indian

Arts and Crafts Enforcement Act of 2000.

**Answer**:  Scott Sales is without sufficient information to admit or deny the allegations of ¶3

of Plaintiff's Complaint and demands strict proof of all allegations contained therein.  Scott

Sales responds further by stating that portions of ¶3 of Plaintiff's Complaint state legal

conclusions to which no response is required.

4.      Defendant is a company principally located in Nashville, Tennessee.  Scott Sales is a

retailer, wholesaler and/or supplier engaged in offering, displaying for sale and selling arts,

crafts and artworks, including but not limited to products in a traditional Indian style, motif and design, throughout the United States and in the Northern District of Illinois

**Answer**:  Scott Sales admits that it is principally located in Nashville, Tennessee.  Scott Sales admits to being an importer, distributor and wholesaler of a wide variety of product manufactured outside of the United States, all of which, by virtue of design, appearance and price, fall into the category of nik-nacks/souvenirs/novelties.  Scott Sales admits that it owns two retail stores in Nashville.  A small portion of the items that Scott Sales imports, distributes and/or sells are products that would be considered Indian-styled items.

5.    Title 25 U.S.C. §305 et seq. prohibits a person from directly or indirectly offering or displaying for sale or selling goods in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States and provides for an action against such a person by an Indian arts and crafts organization.

**Answer**:  Scott Sales responds to ¶5 of the Complaint by stating that 25 U.S.C. §305 speaks for itself and denies any characterizations of the language of that statute in ¶5 of Plaintiff's Complaint.

6.    An Indian product for purposes of 25 U.S.C. §305e et seq. is defined in regulations promulgated by the Secretary of the Interior as including artworks that are in a traditional Indian style or medium.

**Answer**:  Scott Sales admits that under 25 U.S.C. § 305e(d)(2) the term "Indian product" will have the meaning given such term in regulations which may be promulgated by the Secretary of Interior.  Such regulations speak for themselves, but Scott Sales asserts that such regulations either are void or have only limited application regarding referrals from the Indian

Arts and Crafts Board to the Federal Bureau of Investigation and/or the Department of Justice for prosecution of civil actions under 25 U.S.C. §305(d). Scott denies any characterization of any such regulations contained in ¶6 of Plaintiff's Complaint.

7.     Defendant is not an Indian, member of an Indian tribe, recognized Indian artisan or Indian arts and crafts organizations as those terms are defined in 25 U.S.C. §305e and §305, et seq.

**Answer**: Scott Sales admits that it is not an "Indian," "member of an Indian tribe," "Indian artisan" or "Indian arts and crafts organization" as those terms are defined in 25 U.S.C. §305(c). However, the family history of the owners of Scott Sales indicates that the grandparents of a 50% owner of Scott Sales were full blood Cherokee Indians.

8.     At all times relevant hereto, including the dates of purchases alleged herein and for a period of time prior thereto, and possibly since October 31, 2004, Defendant has directly or indirectly offered or displayed for sale or sold multiple quantities of various goods in a manner that falsely suggests they are Indian produced, an Indian product, or the product of a particular Indian or particular Indian tribe or Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts, and jewelry in a traditional Indian style or medium, in violation of the IACA, Title 25 U.S.C. §305, et seq., §305e, and the regulations promulgated thereunder.

**Answer**: Scott Sales denies ¶8 of Plaintiff's Complaint.

9.     For substantial periods of time, and possibly since October 31, 2004, and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods on the Internet through its website, , in a manner which falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of

an Indian arts and crafts organization resident within the United States, including products

consisting of arts, crafts, and artworks in a traditional Indian style or medium.

**Answer**:  Scott Sales denies ¶9 of Plaintiff's Complaint.

10.    On April 12, 2007, and for substantial periods of time, possibly since October 31,

2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed

for sale and sold goods via its website in a manner that falsely suggested they are an Indian

product, Indian produced, or the product of an Indian arts and crafts organization resident within

the United States, including Indian products consisting of artworks, crafts and jewelry in a

traditional Indian style, motif or medium, including:

(a)  Artwork, consisting of Native American Moccasins in a traditional Indian style,

composed of an Indian style motif and design and which advertising and marketing materials

label as "Indian" and suggest the product are Native American made.  A picture of said products

are attached as Exhibit **A**, which products are now in the possession of Native American Arts

and will be produced for display upon request.

(b)  Artwork, consisting of a Native America Knife in a traditional Indian style,

composed of an Indian style motif and design and which advertising and marketing materials

label as "Indian" and suggest the product is Native American made.  A picture of said product is

attached hereto as Exhibit **B**, which product is now in the possession of Native American Arts

and will be produced for display upon request.

(c)  Artwork, consisting of a Native American Knife in a traditional Indian style,

composed of an Indian style motif and design and which advertising and marketing materials

label as "Indian" and suggest the product is Native American made.  A picture of said product is

attached hereto as Exhibit **C**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(d) Artwork, consisting of a Native American Canteen in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian," label as "Indian" and suggest the product is Native American made. A picture of said product is attached hereto as Exhibit **D**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(e) Artwork, consisting of Native American Drums in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the products are Native American made.  Pictures of said products are attached hereto as Exhibits **E-1** and **E-2**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(f)  Artwork, consisting of Native America Mandella Drums in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian," label as "Indian" and suggest the products are Native American made.  Pictures of said products are attached hereto as Exhibits **F-1, F-2** and **F-3**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(g) Artwork, consisting of a Native American Tomahawk in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian," label as "Indian" and suggest the product is Native American made. A picture of said product is attached hereto as Exhibit **G**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(h) Artwork, consisting of a Native American Figurines in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian," label as "Indian" and suggest the products are Native American made.  Pictures of said products are attached hereto as Exhibits **H-1** and **H-2**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(i)  Artwork, consisting of Native American Figurines in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the products are Native American made.  A picture of said products are attached hereto as Exhibit **I**, which products are now in possession of Native American Arts and will be produced for display upon request.

(j)  Artwork, consisting of Native American Vases in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the products are Native American made.  A picture of said products are attached hereto as Exhibit **J**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(k) Artwork, consisting of a Native American Knife in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the products are Native American made.  A picture of said product is attached hereto as Exhibit **K**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(l)  Artwork, consisting of Native American Carved Stones in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian," label as "Indian" and suggest the products are Native

American made.  Pictures of said products are attached hereto as Exhibits **L-1** and **L-2**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(m)  Artwork, consisting of Native American Figurines in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the products are Native American made.  Pictures of said products are attached hereto as Exhibits **M-1** and **M-2**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(n) Artwork, consisting of Native American Boots in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials make reference to "Indian," label as "Indian" and suggest the products are Native American made.  A picture of said products are attached hereto as Exhibit **N**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(o) Artwork, consisting of a Native American Knife in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the product is Native American made.  A picture of said product is attached hereto as Exhibit **O**, which product is now in the possession of Native American Arts and will be produced for display upon request.

(p) Artwork, consisting of Native American Vases in a traditional Indian style, composed of an Indian style motif and design and which advertising and marketing materials label as "Indian" and suggest the products are Native American made.  A picture of said products are attached hereto as Exhibit **P**, which products are now in the possession of Native American Arts and will be produced for display upon request.

(q) Other traditional Indian style or design arts, crafts and artworks in a traditional Indian style or medium.

**Answer**:  Scott Sales denies the introduction to ¶10 of Plaintiff's Complaint and further responds to the following paragraphs as follows:

10(a) –(p).  The items referenced by Plaintiff's Complaint in ¶¶10(a) -10(p) do not reference product numbers, therefore, Scott Sales can neither admit or deny whether it imported, distributed and/or sold wholesale the referenced items.  Scott Sales admits that it has imported, distributed and/or sold wholesale items similar to the items, if not the actual items, referenced in ¶¶10(a) – 10(p).  By way of further response, Scott Sales asserts that with regard to the purchase order that reflects the items purchased by Plaintiff and which appear to be referenced as Exhibits A-P to the Complaint, fifteen (15) of the sixteen (16) exhibited items are items that Scott Sales purchased from other distributors and/or importers and then resold/distributed to its customers. Scott Sales denies that it has advertised or sold Indian-styled items in a manner that suggests that they have been made or manufactured by Native Americans.  Indeed, and in compliance with federal import regulations, the packaging (and the items themselves) are clearly marked as having been made outside of the United States (e.g., "Made in China").  Also, Scott Sales asserts that the Indian-styled items which it purchases from other importers/distributors, and then resells are also clearly marked as having been made outside of the United States and in most instances identifies the original importer/distributor from which Scott Sales purchased the items. Moreover, the context within which Scott Sales imports, offers for sale, sells and/or distributes Indian-styled  items, including but not limited to the price of the items, the wholesale market, the marking of foreign country of manufacture, and the lack of confusion, demonstrates that the

actions of Scott Sales alleged herein do not suggest that the Indian-style products are made by Native Americans.

10(q).  Paragraph 10(q) of Plaintiff's Complaint refers to "other" non-identified items which Plaintiff presumably complains are being marketed by Scott Sales as having been made by Native Americans.  As such, that paragraph is incapable of being responded to other than to deny that the Indian-style items imported, distributed and/or sold by Scott Sales are marketed in a fashion that suggests that they are made by Native Americans.

11.    On April 12, 2007 and for substantial periods of time, possibly since October 31, 2004 and thereafter to the present date, Defendant offered, advertised, marketed and displayed for sale and sold goods via its website, www.scottsales.net, in a manner that falsely suggested they are an Indian product, Indian produced, or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of artworks, crafts and jewelry in a traditional Indian style, motif or medium in response to search terms and customer requests for products including but not limited to "Indian."

**Answer**:    Scott Sales denies ¶11 of Plaintiff's Complaint.

12.    The products alleged herein are traditional Indian products embodying traditional Indian styles, motifs and designs, traditionally made by Native Americans, and were falsely suggested to be Indian-made Indian products and these products were advertised, marketed, and sold as such, including advertising and marketing these products with other Indian style products suggested to be Indian products, or Indian, or Native American made.

**Answer**:  Scott Sales denies ¶12 of Plaintiff's Complaint.

13.    Any unqualified use of the name "Native American," "Indian" or an Indian tribe suggests that the product is Indian made and an Indian product under IACA.

**Answer**:    Scott Sales denies ¶13 of Plaintiff's Complaint.

14.    A non-Indian maker of products in an Indian style motif and design cannot utilize the terms "Indian," "Native American" or the name of a particular Indian tribe in advertising or marketing said products unless said maker qualifies the usage of such terms so that consumers are not suggested to be purchasing authentic Indian-made products.  Native American Arts, Inc. v. The Waldron Corporation, 399 F.3d 871 (7th Cir. 2005).

**Answer**:    Scott Sales denies ¶14 of Plaintiff's Complaint and further objects to the mischaracterization of the case Native American Arts, Inc. v. The Waldron Corporation, 399 F.3d 871 (7th Cir. 2005) set forth in that paragraph.

15.    The products advertised, marketed, offered, displayed for sale and sold by Defendant are in a traditional Indian style, composed of Indian motifs and designs.

**Answer**:    Scott Sales admits that it imports, distributes and/or sells, at the wholesale level and at its two Nashville retail locations, a small amount of Indian-styled items, but does so in a fashion that does not suggest that those items are made by Native Americans.

16.    The products displayed for sale by Defendant did use the unqualified term "Indian."

**Answer**:    Scott Sales denies ¶16 of Plaintiff's Complaint.  The context in which any Indian-styled item is displayed for sale by Scott Sales serves to qualify any use of the term "Indian" such that the use of that term does not suggest that the items were made by Native Americans.

17.    The Internet website displays promoting Defendant's products are advertisements and constitute advertising activity.  Such advertising contains the use of the unqualified term "Indian."

**Answer**:    Scott Sales denies ¶17 of Plaintiff's Complaint.  The context in which any Indian-styled item is presented on its Internet website serves to qualify any use of one term "Indian" such that the use of that term does not suggest that the items were made by Native Americans.

18.    At various times relevant hereto, Defendant has been advertising, marketing, offering, displaying for sale and selling products with different advertisements and different product through different advertisements, advertising activities and mediums, in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the products of an Indian arts and crafts organization resident within the United States.

**Answer**:    Scott Sales denies ¶18 of Plaintiff's Complaint.

19.    For substantial periods of time since October 31, 2004 and continuously thereafter to the present date, Defendant advertised, marketed, offered and displayed for sale and sold goods in a manner that falsely suggested they are Indian-made, an Indian product, a product of an Indian tribe or the product of an Indian arts and crafts organization resident within the United States, including Indian products consisting of art, crafts and artworks in a traditional Indian style or medium.

**Answer**:    Scott Sales denies ¶19 of Plaintiff's Complaint.

20.    The Indian-style goods advertised, displayed, offered for sale and sold by Defendant since October 31, 2004, including those advertised, sold, displayed and offered for sale alleged herein, are not and were not Indian produced, an Indian product made by an Indian or the product of an Indian arts and crafts organization resident in the United States or an non-member Indian artisan certified by an Indian tribe, all as defined in 25 U.S.C. §305 et seq. and the regulations thereunder.

**Answer**:   Scott Sales admits that, to its knowledge, the Indian-style items it imports, distributes and/or sells are not made by Native Americans, but such items are not sold in a fashion to suggest that the items were made by Native American.  By way of further response, Scott Sales states that the Indian-styled items it imports, distributes and/or sells are made outside of the United States and the packaging and the items themselves are marked to indicate the foreign country in which it was made (e.g., "Made in China").

21.     Defendant's advertisement, display, offering for sale and sale of Indian style goods in a manner that falsely suggests they are Indian products, Indian produced or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident within the United States is illegal and should be enjoined in that no adequate remedy at law exists and Plaintiff will be irrevocably injured and damages will be difficult to measure.

**Answer**:   Scott Sales denies ¶21 of Plaintiff's Complaint.

22.     Native American Arts has been injured and damaged as  a result of Defendant's actions alleged herein.  Native American Arts is a competitor of Defendant and has suffered competitive injuries as a result of Defendant's actions alleged herein, as well as other damages including (1) Native American Arts lost sales and sales opportunities as a direct and indirect result of the Defendant's offer, display and sale of similar Indian-style products to those offered, displayed and sold by Native American Arts through similar mediums and markets, (2) Defendant's imitation products drove down prices of authentic Indian products, forcing Plaintiff to offer its authentic products at lower prices, (3) that Plaintiff has suffered a loss of goodwill and reputation because of Defendant's counterfeit product and (4) that Defendant's had a gross profit on the products alleged herein.  Native American Arts advertises, markets and sells authentic Indian-made products similar to those products advertised, offered, displayed and sold

by Defendant falsely suggested to be Indian-made products, including but not limited to, arts, crafts, jewelry and artworks in a traditional Indian style or medium. Native American Arts displays, advertises, offers, markets and sells authentic Indian-made products through various mediums including, but not limited to, newspaper advertisements, radio, signs, catalogs, brochures, internet, mailed solicitations, miscellaneous and in-store retail displays.

**Answer**:   Scott Sales denies that Plaintiff has been injured as alleged in ¶22 of its Complaint. By way of further response, Scott Sales denies that it is a competitor of Plaintiff in the relevant marketplaces. Scott Sales admits that Plaintiff advertises, markets and sells what Plaintiff characterizes as authentic Native American-made items, but is without sufficient information to admit or deny the various mediums through which Plaintiff markets its goods to consumers of authentic Native American-made items.

23.    The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's misappropriation of Native American Art, Inc.'s advertising ideas and style of doing business. Native American Arts' advertising idea and style of doing business is to emphasize and state that its products are authentic Indian products made by Native Americans. Native American Arts capitalizes upon the goodwill associated with Indian-made products as an advertising and marketing idea concerned with persuading consumers to buy its Indian products. This is Native American Arts' advertising idea, advertising theme, advertising concept, title, style and slogan. Defendant inappropriately used the advertising concept of authentic Indian products in advertising their goods as its advertising idea, style of doing business, advertising theme, concept, title, style and slogan by falsely suggesting their products were Indian made Indian products.

**Answer**:     Scott Sales denies that Plaintiff has been injured as alleged in ¶23 of its Complaint.  By way of further response, Scott Sales lacks sufficient information to admit or deny the second and third sentence of this paragraph.  Scott Sales denies the fourth and fifth sentence of this paragraph.

24.     The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringement of title by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**Answer**:     Scott Sales denies ¶24 of Plaintiff's Complaint.

25.     The injuries suffered by Native American Arts under the IACA include but, are not limited to, injury to reputation and good will arising out of Defendant's use of another's advertising idea by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**Answer**:     Scott Sales denies ¶25 of Plaintiff's Complaint.

26.     The injuries suffered by Native American Arts under the IACA include, but are not limited to, injury to reputation and good will arising out of Defendant's infringing upon Native American Arts' slogan by falsely suggesting and misrepresenting that its products were Indian made when they were not.

**Answer**:     Scott Sales denies ¶26 of Plaintiff's Complaint.

27.     Liability for compensatory damages under the IACA is strict liability and not dependent upon intentional conduct as ruled in the case of Ho-Chunk et al., v. Village Originals, Inc., 25 F. Supp.2d 876 (N.D. Il. 1998) and Ho-Chunk v. Natures Gifts, Inc., 1999 U.S. Dist. Lexis 3687 (N.D. Il 1999).

**Answer**:    Paragraph 27 of Plaintiff's Complaint states a legal conclusion to which no response is required.

28.    Title 25 U.S.C. §305e(a) provides for damages of the greater of treble damages or $1,000 for each day on which the offer or display for sale of a good falsely suggested to be Indian produced, an Indian product, or the product of an Indian, an Indian tribe, or an Indian arts and crafts organization continues.

**Answer**:    Scott Sales responds to ¶28 of Plaintiff's Complaint by stating that 25 U.S.C. §305e speaks for itself.

29.    Native American Arts is an Indian arts and crafts organization entitled to the damages alleged herein.

**Answer**:    Scott Sales is without sufficient knowledge to admit or deny that Plaintiff is "an Indian arts and crafts organization" and demands strict proof thereof.  Scott Sales denies that Plaintiff is entitled to the damages alleged in the Complaint.

30.    The exact amount of damages is presently unknown, but is believed to exceed ten million dollars ($10,000,000.00).

**Answer**:    Scott Sales denies ¶30 of Plaintiff's Complaint.

31.    Title 25 U.S.C. §305e(a) also provides for injunctive and other equitable relief.

**Answer**:    Scott Sales responds to ¶31 of Plaintiff's Complaint by stating that 25 U.S.C. §305(e)(a) speaks for itself.

32.    Substantial amounts for attorney's fees and costs of suit have been or are being incurred for which reimbursement and payment is hereby sought.

**Answer**:    Scott Sales is without sufficient knowledge to admit or deny the allegations of ¶32 of Plaintiff's Complaint and demands strict proof thereof.  By way of further response, Scott

Sales states that whatever attorney's fees and costs Plaintiff has incurred should be viewed in the light that Plaintiff chose to not contact Scott Sales or otherwise communicate with Scott Sales concerning the issues raised in the Complaint prior to the filing and serving of the Complaint in this matter.

WHEREFORE, Scott Sales responds by asserting that Plaintiff is due none of the relief requested in its Complaint, that such Complaint should be dismissed with prejudice and that costs, including reasonable attorney's fees, should be awarded against Plaintiff in favor of Scott Sales.

## II.  AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1

1.      Plaintiff has failed to state a claim upon which relief can be granted as against Scott Sales, and thus, Plaintiff's Complaint should be dismissed.  Fed. R. Civ. P. 12(b)(6).

### Affirmative Defense No. 2

1.      Scott Sales activities are not such as to allow this Court to exercise personal jurisdiction over it and thus due to the lack of personal jurisdiction, Plaintiff's Complaint should be dismissed.  Fed. R. Civ. P. 12(b)(2).

### Affirmative Defense No. 3

1.      Venue of this action is either improper in this judicial district or is more proper and more convenient in another judicial district – Middle District of Tennessee – where Scott Sales is located, and thus, this action should be dismissed and pursued there, or transferred there. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1404.

### Affirmative Defense No. 4

1.    Interested parties, not named in this action, exist which need to be joined for complete adjudication of the issues raised in this action and failure by Plaintiff to join same should result in dismissal of this action.

### Affirmative Defense No. 5

1.    Plaintiff's claim requires a showing by it of actual confusion or a likelihood of confusion.  Scott Sales asserts that there is no actual confusion or a likelihood of confusion on the part of its wholesale customers, or even retail purchasers, of the Indian-style items, that said items imported, distributed and/or sold by Scott Sales are made by Native Americans.

### Affirmative Defense No. 6

1.    The Indian-style items of which Plaintiff complains are designated as not being manufactured by Native Americans by virtue of the markers contained on the items and/or packaging which designate the items as having been manufactured in a foreign country (e.g., "Made in China").

### Affirmative Defense No. 7

1.    Plaintiff's claims, or portions of it, are barred by the applicable statute of limitations and/or barred by the equitable doctrine of laches.

### Affirmative Defense No. 8

1.    Plaintiff has failed to mitigate its damages, if any.

### Affirmative Defense No. 9

1.    Plaintiff is not an aggrieved Indian arts and crafts organization.

### Affirmative Defense No. 10

1.       Imposition of the $1,000/day damages under 25 U.S.C. §305e(a)(2)(B) would constitute an excessive fine and is an unfair and unconstitutional application of a penal and punitive provision without any showing of sufficient scienter regarding the violation and/or in the context where punitive damages are otherwise provided for under the statute.

### Affirmative Defense No. 11

1.       Plaintiff's theories relating to damages constitute an unjustified windfall to it as an isolated and singular alleged "Indian arts and crafts organization" and thus to the extent such windfall occurs, it should not be allowed.

### Affirmative Defense No. 12

1.       Plaintiff, as an isolated and singular alleged "Indian arts and crafts organization," cannot assert ownership, title or control over the concept of or the actual advertising of items as being Indian or Native American-made items.

### Affirmative Defense No. 13

1.       Any measure or theory of damages advanced by Plaintiff must have a causal nexus to the actions of Scott Sales and to the extent such nexus does not exist, said damages should not be allowed.

### Affirmative Defense No. 14

1.       Plaintiff's claims are barred by the doctrine of unclean hands and/or in *pari delicto*.

### Affirmative Defense No. 15

1.       Plaintiff's clams are barred by the doctrine of estoppel.

**<u>Affirmative Defense No. 16</u>**

1.      Plaintiff's claims are barred by the doctrine of waiver.

**<u>Affirmative Defense No. 17</u>**

1.      To the extent Plaintiff has suffered damages, the actions of others, not a party to this action, were the proximate cause of those damages.

**<u>Affirmative Defense No. 18</u>**

1.      With respect to the items at issue herein that were distributed and/or sold by Scott Sales to a retailer, the retailer had actual knowledge, at all relevant times, that those items were not Native American-produced.

**<u>Affirmative Defense No. 19</u>**

1.      With respect to the items at issue herein, that were sold by Scott Sales to Plaintiff, Plaintiff had actual knowledge, at all relevant times, that those items were not Native American-produced.

**<u>Affirmative Defense No. 20</u>**

1.      With respect to all products at issue herein that were sold by Scott Sales to a retailer, the retailer had a non-delegable duty to refrain from marketing, offering for sale or selling such items in a manner which falsely suggested that the items were Native American-produced.

**<u>Affirmative Defense No. 21</u>**

1.      To the extent that Plaintiff's claims are based on regulation 25 C.F.R. 309 or similar regulation, those regulations are void because they purport to creative substantive law concerning liability beyond the scope of 25 U.S.C. §305(e) and beyond the power of the regulations.  These regulations are void because they purport to take terms and words that are

generic and descriptive in meaning and to give them special meaning in the context of items imported, distributed and/or sold by Scott Sales, regardless as to whether or not the use of those words did cause or were likely to cause confusion.

### Affirmative Defense No. 22

1.      Punitive damages are not awardable as against Scott Sales as a matter of law.

### Affirmative Defense No. 23

1.      Scott Sales asserts the affirmative defense of qualified immunity because its actions were, at all times, objectively reasonable.

WHEREFORE, based on its specific response to Plaintiff's Complaint and its affirmative defenses, Scott Sales asserts that this Court should dismiss the Complaint with prejudice, award it its reasonable attorney's fees and costs, and grant it other such relief as the Court deems equitable and just.

This 27th day of November, 2007.

Respectfully submitted,

/s/ Alan F. Curley
Alan F. Curley


Alan F. Curley
Lydia Bueschel
Robinson Curley & Clayton, P.C.
Suite 1700
300 South Wacker Drive
Chicago, IL  60606
(312) 663-3100
Fax:  (312) 663-0303
Attorneys for Defendant Scott Sales Company, Inc.

William W. Gibson  (Pro Hac Vice Application filed herewith)
J. Graham Matherne (Pro Hac Vice Application filed herewith)
Wyatt, Tarrant & Combs, LLP
Suite 1500
2525 West End Avenue
Nashville, TN  37203
(615) 244-0020
Fax:  (615) 256-1726
Attorneys for Defendant Scott Sales Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, I electronically filed the foregoing with the

Clerk of the District Court using the CM/EFC system, which sent notification of such filing to

the following individuals:

        Michael P. Mullen
        Scott M. Kolosso
        Mullen & Foster
        203 North Wabash Avenue, Suite 2300
        Chicago, Illinois 60601

                        /s/ Alan F. Curley