# EXHIBIT 3

## TO

## DEFENDANT SCOTT SALES COMPANY, INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND, IN THE ALTERNATIVE, TO TRANSFER ACTION PURSUANT TO 28 U.S.C. §1404(a)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| Plaintiff, | ) | Case No. 07 C 6113 |
| v. | ) | Judge Gottschall |
| SCOTT SALES COMPANY, INC., | ) | |
| Defendant. | ) | Jury Trial Demanded |

**AUTOMATIC DISCLOSURE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26**

NOW COMES Plaintiff, Native American Arts, Inc., by its attorneys, Michael Patrick Mullen and Scott M. Kolosso of the law firm of Mullen & Foster, and pursuant to Federal Rule of Civil Procedure 26 hereby states as follows:

1. Pursuant to FRCP Rule 26(a)(1)(A) and former FRCP Rule 26(a)(1)(A), the following are those individuals who may have discoverable information relevant to the disputed facts alleged in the pleadings.

   a) Matthew Mullen
      16701 S. Richards Dr.
      Tinley Park, IL 60477

   Matthew Mullen purchased the merchandise in question and has knowledge of all aspects of the injuries sustained by Plaintiff.

   b) All sales personnel of Defendant involved in the advertising, marketing, offer, display and sale of said merchandise; Addresses unknown.

   c) All management personnel of Defendant knowledgeable regarding the advertising, marketing, offer, display, and sale of merchandise by Defendant; Addresses unknown.

   d) All customers, including retailers, of Defendant knowledgeable regarding the advertising, marketing, offer, display, and sale of merchandise by Defendant; Addresses unknown.


EXHIBIT Exh. 3 Scott Sales Motion

2.  Pursuant to FRCP Rule 26(a)(1)(B) and former FRCP Rule 26(a)(1)(B), attached please find copies of the relevant receipts. Originals of said documents as well as the merchandise purchased by Plaintiff are located at the office of Mullen & Foster and will be made available for inspection again upon reasonable notice. In addition, enclosed please find copies of allegedly violative advertising materials utilized by Defendant (excluded are advertising tags which are shown in the Complaint exhibits) as well as products and advertising of Native American Arts, Inc.'s competitive authentic Indian-made products.

In addition to the merchandise purchased by Plaintiff and in its control, other merchandise which meets Plaintiff's definition of an Indian-style product is at issue in this case and in the possession of Defendant. Plaintiff's definition of Indian-style product for the purposes of discovery is:

"Indian-style products" includes, but is not limited to, artworks and crafts that are in a traditional or nontraditional Indian style or medium such as dolls, figurines, windchimes, dreamcatchers, windchime dreamcatchers, mandellas, medicine wheels, baskets, teepees, prayer sticks, prayer feathers, drums, bowls, rugs, blankets, pillows, pins, pottery, arrows, arrowheads, bear claw fetishes, tomahawks, bear or other animal fetishes, kokopelli (humped-baked flute player) and medicine bags in a traditional or nontraditional Indian style or medium. Use of Plaintiff's definition does not constitute an admission in any way that Defendants sold Indian products as defined in 25 U.S.C. 305e or the Regulations promulgated thereunder.

3.  Pursuant to FRCP Rule 26(a)(1)(C), a computation of damages includes the following:

| | |
|---|---|
| Reasonable attorneys' fees and cost of suit .......................................$ | 200,000.00-300,000.00 |
| Cost of products purchased and identified in Complaint....................$ | 388.21 |
| Estimated damages from Defendant based on competitive injuries, including Defendant's gross profits on violative products sold ...........................................................................$ | 5,000.00 |
| Estimated statutory damages for Defendant of $1,000 times a minimum 16 violative products times 1,095 days (October 31, 2004 through October 30, 2007) ..............$ | 17,520,000.00 |

4.  Pursuant to FRCP Rule 26(a)(2)(A), no expert witnesses have been identified to date. Investigation continues.

5.  Pursuant to FRCP Rule 26(a)(2)(B), no such written reports of any expert witnesses have been obtained to date. Investigation continues.

Respectfully submitted,

_____
One of the attorneys for Plaintiff

Michael Patrick Mullen
Scott M. Kolosso
MULLEN & FOSTER
203 N. Wabash Ave., Suite 2300
Chicago, IL 60601
312-750-1600