# ATTACHMENT 1

## TO

## DEFENDANT SCOTT SALES COMPANY, INC.'S MEMORANDUM OF FACT AND LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION PURSUANT TO 28 U.S.C. §1404(a)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL PETERSON d/b/a ) <br> DAN'S JEWELERS, ) <br> ) <br> Defendants. ) | No. 06 C 5956 <br><br> Judge Joan B. Gottschall |

## ORDER

Native American Arts, Inc. ("NAA") sued Daniel Peterson ("Peterson") d/b/a Dan's Jewelers (collectively "Dan's Jewelers" or "defendant") under the Indian Arts and Crafts Act of 1990 and the Indian Arts and Crafts Enforcement Act of 2000 (collectively the "IACA"), 25 U.S.C. 305 *et seq.* and 25 U.S.C. 305e. Defendant has moved to dismiss for lack of personal jurisdiction under Rule 12(b)(3) of the Federal Rules of Civil Procedure and to quash the service of process on defendant. Alternatively, defendant has moved to transfer the case to the United States District Court for the District of Nevada. For the reasons stated below, defendant's motions are denied.

### I. BACKGROUND

NAA is a Native American-owned arts and crafts organization composed of members of the Ho Chunk Nation. Its headquarters are located in Illinois. Dan's Jewelers is a company that sells arts, crafts and artwork in a traditional Indian style. NAA alleges that Dan's Jewelers offered and sold goods, via its website, www.dans-jewelers.com, that falsely suggested they were Indian produced or the product of a

1

particular Indian tribe in violation of the IACA. These products include, among other things, various rings, necklaces, and bracelets, all of which featured an Indian style motif and design and which were labeled as "Indian" and "Native American."

NAA's complaint alleges that Dan's Jewelers is located in San Diego, California. Peterson has submitted an affidavit in support of his motion that avers he is the sole owner of Dan's Jewelers. Peterson also avers that Dan's Jewelers' principal place of business was once San Diego, California but it subsequently moved to Provo, Utah and is now is Las Vegas, Nevada. Ex. B. Def.'s Mem. Supp. Mot. Dismiss for Lack of Personal Jurisdiction.

## II. DISCUSSION

### A. Personal Jurisdiction

NAA alleges that this court has personal jurisdiction over defendant because it sold the offending products to NAA through its website, shipping them to Illinois. Defendant does not dispute that it sold its products to a consumer in Illinois but argues that this limited activity does not give rise to personal jurisdiction over it in Illinois.

Once a defendant moves to dismiss a complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In ruling on a Rule 12(b)(2) motion, the court must accept as true the jurisdictional allegations in the complaint, unless defendants submit contravening affidavits. *Id.* Any conflicts among the parties' affidavits must be resolved in favor of the plaintiff. *Id.* "However, the court will take as true all facts in the defendant's affidavits that are unrefuted by the plaintiff." *Haggerty*

*Enters., Inc. v. Lipan Indus. Co., Ltd.*, No. 00 C 766, 2001 WL 968592, at *2 (N.D. Ill. Aug. 23, 2001).

A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction. *Purdue Research Foundation*, 338 F.3d at 779. The Illinois long-arm statute permits courts to assert personal jurisdiction over a non-resident defendant on any basis permitted by the Illinois and the United States constitutions. *See* 735 Ill. Comp. State. Ann. 5/2-209; *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). Because there is "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002), this court will analyze personal jurisdiction with a single due process inquiry. *See id.* (it is sufficient to evaluate the limits that the Fourteenth Amendment places on state exercises of personal jurisdiction).

Under federal law, a defendant may be subject to either specific or general jurisdiction. Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). A "single act can support jurisdiction," so long as it creates a "substantial connection" with the forum, as opposed to an "attenuated affiliation." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 & n. 18 (1985) (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957)). General jurisdiction arises when a defendant maintains "continuous and systematic contacts with the forum state" even when the cause of action has no relation to those

3

contacts. *Helicopteros*, 466 U.S. at 414. Because defendant's actions are sufficient to establish specific jurisdiction, the court need not evaluate whether it is subject to general jurisdiction as well.

A website can provide the basis for specific jurisdiction under certain circumstances, depending on "the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (E.D. Pa. 1997). A three-part sliding scale analysis has emerged for determining "what level of website interaction subjects a defendant to personal jurisdiction." *Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000). At one end of the continuum are active websites, where the defendant directly sells its products through the website. *Haggerty Enters.*, 2001 WL 968592, at *5. Passive websites, which do "little more than make information available to those who are interested," fall at the other end of the continuum. *Zippo*, 952 F. Supp. at 1124. Passive websites do not provide a basis for the exercise of personal jurisdiction, but active websites do. *Haggerty Enters.*, 2001 WL 968592, at *5. The third category, sometimes called a hybrid website, falls between the two ends of the continuum–it does not allow a user to purchase defendant's products through the website directly, but does allow a user to exchange information with the defendant. *Id.* A hybrid website can provide a basis for exercising personal jurisdiction over defendants who maintain such sites, "but only after finding the level of interactivity and the commercial nature of the interaction to be high." *Id.*

The undisputed facts demonstrate that defendant's website was an active website. Defendant concedes that it advertises, markets and sells its merchandise through its

4

website, *see* Peterson Aff. Ex. B. 10, and that it sold products to NAA in Illinois, requiring it to ship its products to Illinois. *See* Def.'s Mem. Supp. Motion to Dismiss 1. NAA's claims arise out of this website and the goods defendant shipped into Illinois. There also appears to be no dispute that the website through which the offending goods were sold, www.dans-jewelry.com, belongs to Dan's Jewelers. The fact that the website is active, along with the fact that Dan's Jewelers sold and shipped the offending goods into the state of Illinois, serves as a basis for personal jurisdiction.

Defendant protests that its online activity amounts to nothing more than mere advertising or solicitation of business, which makes it more like defendants who advertise their services to consumers who then travel to the defendants' place of business to purchase defendants' goods or services. *See Howard v. Missouri Bone and Joint Center, Inc.*, 869 N.E.2d 207, 213 (Ill. App. Ct. 2007) (advertisement and solicitation of business in Illinois insufficient to support jurisdiction when plaintiff had chosen to contact the defendant and had chosen to travel to Missouri for treatment); *Pilipauskas v. Yakel*, 629 N.E.2d 733, 741 (Ill. App. Ct. 1994) (no jurisdiction over owners of a lodge in Michigan who distributed brochures in Illinois through a marketing association and made approximately 100 calls to Illinois each year, when defendants' guests came from Illinois, and the defendants mailed the plaintiffs promotional materials once the plaintiffs called the defendants); *Excel Energy Co. v. Pittman*, 606 N.E.2d 637, 640 (Ill. App. Ct. 1992) (no jurisdiction over defendants when plaintiffs found an advertisement for equipment sold by the defendant in a national magazine, contacted the defendant about buying the equipment, and then traveled to Oklahoma to purchase the equipment). That assertion is flatly contradicted by defendant's concession that it sold and shipped goods into Illinois.

This is not a case where NAA saw a passive advertisement for defendant's goods and then traveled to defendant's place of business to purchase them. Rather, the defendant itself created the connection to Illinois by offering its goods for sale online, providing a method by which Illinois residents could purchase the goods online (without having to travel) and then shipping those goods to Illinois. Under these circumstances, defendant has the requisite "minimum contacts" with Illinois to satisfy specific jurisdiction in Illinois. Therefore, defendant's motion to dismiss for lack of personal jurisdiction is denied.[1]

### B. Motion to Transfer

Defendant makes a half-hearted attempt to argue that this case should be transferred to the United States District Court for the District of Nevada. Section 1404(a) governs the transfer of an action from one federal district to another. A transfer is appropriate if venue is proper in both districts, transfer promotes the convenience of the parties and witnesses and transfer is in the interests of justice. *Solaia Technology, Inc. v. Rockwell Automation, Inc.*, No. 03 C 566, 2003 WL 22057092, at *2 (N.D. Ill. Sept. 2, 2003). Defendant in this case has not moved to dismiss for improper venue so the court assumes without deciding that venue is proper in both districts.

The court evaluates the convenience of the parties and witnesses by considering: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *See, e.g., Washington Nat. Life Ins. Co. v. Calcasieu Parish School Bd.*, No. 05 C 2551, 2006 WL 1215413, at *8 (N.D. Ill. May 2, 2006).

---

[1] Accordingly, defendant's motion to quash service because defendant is not subject to personal jurisdiction in Illinois is also denied.

When evaluating the interest of justice (often referred to as the "public interest" factors), the court focuses on the efficient administration of the court system. *Id.* Relevant considerations here include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Id.* The movant has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.*

### 1. Plaintiff's Chosen Forum

NAA's choice of forum is Illinois, which is entitled to some weight. *See Solaia Technology, Inc.*, 2003 WL 22057092, at *2 ("One factor relevant to the convenience analysis is the plaintiff's choice of forum, which is entitled to substantial deference, particularly when the chosen forum is the plaintiff's home state."). This factor is not necessarily conclusive. *See, e.g., Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) (Although plaintiff's choice of forum has been given substantial weight in some cases, it is not the only factor a court must consider in determining whether to transfer venue) (collecting cases). However, as discussed below, because defendant has not met its burden of establishing that the District of Nevada is "clearly" more convenient, this factor remains the determinative factor in this case.

### 2. Access to Sources of Proof and Convenience of Witnesses

With respect to the convenience of the parties and the witnesses, the court sees convenience and inconvenience as balanced. Illinois is apparently more convenient for

NAA and Nevada is more convenient for defendant. Both NAA and defendant identify only themselves as witnesses who would be inconvenienced by the opposing party's choice of forum. Naturally, when parties reside in different states, one party or another will be inconvenienced by the other's choice of forum. A transfer of venue is not meant to merely "shift the inconvenience from one party to another." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Although defendant contends that there are potential witnesses located in Nevada other than Peterson, those witnesses are not identified anywhere by defendant. The party seeking to transfer "is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Id.*

Similarly, although defendant generally states that its documents and records are located in Nevada, it makes no effort to identify what those records are, how they will be relevant to this case or whether they are so voluminous that they cannot be easily moved. Therefore, this factor does not weigh in favor of either party.

### 3. Situs of Material Events

This leaves the situs of material events. Defendant contends that the only activity occurring in Illinois was the purchase by NAA of defendant's products, which were shipped from San Diego, California. Although Illinois is by no means the situs of all the material events related to the claims at issue, defendant does not explain what relation, if any, Nevada bears to the material events, other than being the state in which Peterson currently resides. Therefore, this factor weighs in favor of NAA.

Ultimately, defendant has made no showing that would justify transferring this case to Nevada; indeed it appears defendant's only reason for wishing to have the case

transferred there is that Peterson himself resides there.[2] This is not a sufficient basis upon which a court may transfer a case. *See In re National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. (2003) ("When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff.") In light of defendant's failure to demonstrate a transfer of venue is appropriate at this time, defendant's motion to transfer venue is denied.

### III. CONCLUSION

For the reasons stated above, defendant's motion to dismiss for lack of personal jurisdiction and quash service; and defendant's motion to transfer are denied.

ENTER:

                                                  /s/
                                                  JOAN B. GOTTSCHALL
                                                  United States District Judge

Dated: December 5, 2007

---

[2] Although defendant contends that transfer is proper when a transferee court has a lighter docket than the transferor court, defendant does not argue that the District of Nevada Defendant has a lighter docket than the Northern District of Illinois. Therefore, defendant has not presented any "interest of justice" factors that would weigh in favor of a transfer.