# ATTACHMENT 2

## TO

## DEFENDANT SCOTT SALES COMPANY, INC.'S MEMORANDUM OF FACT AND LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION PURSUANT TO 28 U.S.C. §1404(a)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 05 C 6203 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| MILNE JEWELRY CO., INC., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Native American Arts, Inc. ("NAA") sued Milne Jewelry Co., Inc. ("Milne Jewelry"), Milne Jewelry.com, Inc. ("Jewelry.com"), Irvin Milne, and Sherlynn Milne under the Indian Arts and Crafts Act of 1990 and the Indian Arts and Crafts Enforcement Act of 2000 (collectively "IACA"), 25 U.S.C. § 305 *et seq.* and 25 U.S.C. § 305e. Irvin Milne and Milne Jewelry have moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure 12(b)(3). In the alternative, if the court does not dismiss, Irvin Milne and Milne Jewelry have moved to transfer this case to the District of Utah in the interest of justice and for the convenience of parties and witnesses. Likewise, Jewelry.com and Sherlynn Milne have moved to transfer this case to the United States District Court for the District of Utah. The motion to dismiss for lack of personal jurisdiction or for improper venue is denied, but the motion to transfer venue to the District of Utah is granted.

**I.      Background**

NAA is a Native American owned arts and crafts organization composed of members of

1

the Ho Chunk nation. Milne Jewelry is a company located in St. George, Utah that sells, among other things, arts, crafts, jewelry, and dolls in a traditional Indian style. Milne Jewelry was dissolved in 1999 for failure to pay its corporate registration fees. Irvin Milne was one of Milne Jewelry's officers and directors and continues to operate it. Sherlynn Milne is also one of the officers and directors of Milne Jewelry, and she is also an officer of Jewelry.com. Jewelry.com operates a website that offers for sale arts, crafts, jewelry, and dolls in a traditional Indian style. NAA alleges that defendants offered for sale various products which falsely suggest that they are Indian-produced or the product of a particular Indian tribe in violation of the IACA.

**II.     Discussion**

    A.     <u>Personal Jurisdiction</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of providing sufficient evidence to establish a *prima facie* case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In ruling on a Rule 12(b)(2) motion, the court must accept as true the jurisdictional allegations in the complaint, unless defendants submit contravening affidavits. *Id.* Any conflicts among the parties' affidavits must be resolved in favor of the plaintiff. *Id.* "However, the court will take as true all facts in the defendant's affidavits that are unrefuted by the plaintiff." *Haggerty Enters., Inc. v. Lipan Indus. Co., Ltd.*, No. 00 C 766, 2001 WL 968592, at *2 (N.D. Ill. Aug. 23, 2001).

Irvin Milne and Milne Jewelry argue that Milne Jewelry is a separate company from Jewelry.com and that their only contacts with Illinois were shipping two orders to NAA in Illinois on behalf of Jewelry.com. Irvin Milne and Milne Jewelry have provided an affidavit

2

from Irvin Milne. Irvin Milne avers that he has never been an owner, officer, director, or employee of Jewelry.com. He avers that Milne Jewelry has sold jewelry to Jewelry.com. As to the Illinois transactions, he avers that Mullen (presumably Matthew Mullen, president of NAA) purchased jewelry from Jewelry.com. Jewelry.com then purchased the jewelry to fulfill Mullen's order from Milne Jewelry. Milne Jewelry shipped the order directly to Illinois to save shipping costs. Irvin Milne avers that Milne Jewelry has never sold jewelry over the Internet and has never advertised its products in Illinois.

In response, NAA has submitted an affidavit of Matthew Mullen, president of NAA, and printouts of the Jewelry.com website. Mullen avers that the Jewelry.com website provides its contact information as the Milne Jewelry store in St. George, Utah and includes a copyright notice claiming that the copyright belongs to Milne Jewelry. Mullen also avers that NAA made payments for the products purchased on the website to Milne Jewelry and not Jewelry.com.

Whether Jewelry.com is a separate entity from Milne Jewelry is thus a disputed issue of fact. On a Rule 12(b)(2) to dismiss for lack of personal jurisdiction, this dispute must be resolved in favor of the plaintiff. *Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*, No. 04 C 7624, 2005 WL 396304, at *2 (N.D. Ill. Feb. 16, 2005) (holding that where the ownership and maintenance of an internet website is a disputed fact, the court must accept the plaintiff's version as true for the purposes of a Rule 12(b)(2) motion). Irvin Milne and Milne Jewelry have not argued that personal jurisdiction does not exist should the court find that, for the purposes of the present motion, Jewelry.com and Milne Jewelry are the same entity. Sherlynn Milne and Jewelry.com also do not argue that this court lacks personal jurisdiction over them. Nevertheless, the court will briefly examine the basis for personal jurisdiction.

3

Whether a website provides proper grounds for exercising personal jurisdiction depends on "the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (E.D. Pa. 1997). A three-part sliding scale analysis has emerged for determining "what level of website interaction subjects a defendant to personal jurisdiction." *Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000). At one end of the continuum are active websites, where the defendant directly sells its products through the website. *Haggerty Enters.*, 2001 WL 968592, at *5. Passive websites, which do "little more than make information available to those who are interested," fall at the other end of the continuum. *Zippo*, 952 F. Supp. at 1124. Passive websites do not provide a basis for the exercise of personal jurisdiction, but active websites do. *Haggerty Enters.*, 2001 WL 968592, at *5. The third category, sometimes called a hybrid website, falls between the two ends of the continuum–it does not allow a user to purchase defendant's products through the website directly, but does allow a user to exchange information with the defendant. *Id.* A hybrid website can provide a basis for exercising personal jurisdiction over defendants who maintain such sites, "but only after finding the level of interactivity and the commercial nature of the interaction to be high." *Id.*

In this case, based on the printouts of the website, it appears that the Jewelry.com website is an active website. For example, the website includes an order form that allows purchasers to place their orders online. Because the website is active, under the *Zippo* sliding scale approach, it can serve as a basis for personal jurisdiction. In addition, the complaint alleges that defendants advertised and offered goods for sale on the website and sold and shipped goods into the state of Illinois. Jewelry.com's use of an interactive website along with actual sales to at least one

4

Illinois citizen is sufficient to establish personal jurisdiction over Jewelry.com and Sherlynn Milne.

As discussed above, the parties dispute whether Milne Jewelry and Irvin Milne were operating independently of Jewelry.com and Sherlynn Milne, but on a Rule 12(b)(2) motion, the court must resolve this dispute in favor of NAA. The court thus assumes the parties are not acting separately, and the same basis for asserting personal jurisdiction over Sherlynn Milne and Jewelry.com (operation of the interactive website and sales to Illinois citizens) serves as the basis for asserting personal jurisdiction over Milne Jewelry and Irvin Milne. The motion to dismiss for lack of personal jurisdiction is denied.

B.   Venue

Next, Irvin Milne and Milne Jewelry argue that the court should dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(3) for improper venue. The plaintiff bears the burden under Rule 12(b)(3) of establishing that venue is proper. *Hellman v. Royal Carribean Int'l*, No. 04 C 4041, 2005 WL 1631135, at *1 (N.D. Ill. July 8, 2005) (citing *Nagel v. ADM Investor Servs.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998)). In deciding a motion to dismiss for improper venue, the court takes the plaintiff's well pleaded allegations as true and may consider facts outside the complaint. *Id.* Any factual conflicts in the parties' submissions are resolved in the plaintiff's favor. *Id.*

28 U.S.C. § 1391(b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant

5

may be found, if there is no district in which the action may otherwise be brought.

In this case, jurisdiction is based on a question of federal law, alleged violations of the IACA, not diversity. Under 28 U.S.C. § 1391(b)(1), venue would clearly be proper in the District of Utah because all defendants reside in Utah.

Irvin Milne and Milne Jewelry argue that venue is not proper in Illinois because "a substantial part of the events or omissions giving rise to the claim" did not occur in Illinois and "a substantial part of property that is the subject of the action" is not situated in Illinois, as required under 28 U.S.C. § 1391(b)(2). In support of this argument, Irvin Milne and Milne Jewelry again argue that they are separate from Sherlynn Milne and Jewelry.com and that their only actions related to Illinois were shipping two orders of goods to Illinois. As discussed above, the parties dispute whether these entities operated separately. As in the motion to dismiss for lack of personal jurisdiction, the court must resolve this factual dispute in NAA's favor for the purpose of this motion. Because Jewelry.com operated an interactive website that allowed users, including Illinois residents to make purchases over the Internet, and because an Illinois resident ultimately purchased goods which were shipped to Illinois, venue is proper in Illinois. *Images of the World, Inc. v. Continental Am. Indus., Inc.*, No. 04 C 7002, 2005 WL 2171193, at *5 (N.D. Ill. Aug. 30, 2005) ("Venue is appropriate in the Northern District of Illinois when the exercise of personal jurisdiction is proper.") (citation omitted). The motion to dismiss for improper venue is denied.

C.   <u>Motion to Transfer Venue</u>

Finally, all defendants have moved to transfer this case to the District of Utah. Transfer under section 28 U.S.C. § 1404(a) is appropriate where the moving party demonstrates that (1)

venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See, e.g., Schwarz v. National Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004). The court has determined above that venue is proper both in this district and in the District of Utah. Hence, the court need consider only whether transfer will serve the convenience of the parties and witnesses, and the interests of justice.

In evaluating the convenience of the parties and witnesses (often referred to as the "private interest" factors), a district court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *See, e.g., Washington Nat. Life Ins. Co. v. Calcasieu Parish School Bd.*, No. 05 C 2551, 2006 WL 1215413, at *8 (N.D. Ill. May 2, 2006). When examining the interest of justice (often referred to as the "public interest" factors), the court focuses on the efficient administration of the court system. *Id.* Relevant considerations here include the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Id.* The movant has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.*

The court considers each of the relevant factors in what follows.

1.  *Convenience of Witnesses and Parties: Private Interest Factors*

   a.   The plaintiff's choice of forum

NAA argues that, as plaintiff in the present action, its choice of forum should be given "great deference." NAA is correct that the plaintiff's choice of forum is generally entitled to substantial deference when the plaintiff's chosen forum is its home forum. *Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). However, "while a plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer." *Id.* (citing *Applied Web Sys., Inc. v. Catalytic Combustion Corp.*, No. 90 C 4411, 1991 WL 70893, at *3 (N.D. Ill. Apr.29, 1991)). In this case, the court finds that NAA's choice of forum is entitled to some weight as it is NAA's home forum, but its choice is not conclusive.

   b.   Situs of material events

Defendants point out that the operation of the website and the shipment of the goods at issue took place in Utah. NAA responds by arguing that it viewed defendants' "falsely suggestive advertisements" in Illinois and that the goods were shipped to Illinois. The court finds that material events in this case occurred in both Utah and Illinois, but that the majority of the material events occurred in Utah. *See Native American Arts v. Specialty Merchandise Corp.*, No. 05 C 0952, 2005 WL 2420399, at *2 (N.D. Ill. Sept. 29, 2005) (holding that the site of the majority of the events occurred in California in a similar case where NAA alleged that a website operated by a California company falsely suggested that goods were Indian-made). This factor favors transfer to the District of Utah.

c.  Relative ease of access to sources of proof

NAA argues that all of its documents and records are located in Illinois. Defendants argue the following evidence is located in Utah: (1) evidence that shows that Jewelry.com and Milne Jewelry are separate entities, and (2) evidence related to the operation of the website and the purchase of the allegedly offending articles. Defendants also argue that NAA has no relevant documents, other than those supplied in connection with the present motion. On balance, the court finds that this factor slightly favors transfer to the District of Utah, since defendants have identified specific evidence located in Utah and because NAA has not identified any of its documentary evidence located in Illinois which might be relevant to the instant suit.

d.  Convenience of the witnesses

Convenience of the witnesses is the factor often viewed as having the most weight in determining whether to transfer venue. *See, e.g., Westchester Fire Ins. Co. v. Carolina Cas. Ins. Co.*, No. 03 C 41372004, WL 170325, at *3 (N.D. Ill. Jan. 15, 2004). In examining this factor, courts look to the nature and quality of the witnesses' testimony, not merely the number of witnesses in each venue. *See, e.g., Brunswick Bowling & Billiards Corp. v. Pool Tables Plus, Inc.*, No. 04 C 7624, 2005 WL 396304, at *6 (N.D. Ill. Feb. 16, 2005). Vague generalizations concerning potential witnesses are insufficient. *See, e.g., Beigel & Sandler v. Weinstein*, No. 92 C 3932, 1993 WL 189920, at *3 (N.D. Ill. May 28, 1993). Rather, the party seeking transfer on the grounds of witness convenience must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include. *Id.; see also Finley v. Dun & Bradstreet Corp.*, No. 05 C 5134, 2006 WL 861920, at *4 (N.D. Ill. Mar. 30, 2006).

Defendants have identified several witnesses who reside in either Utah or New Mexico.

9

These include the defendants themselves and the suppliers from whom the allegedly offending goods were purchased by defendants for re-sale. Defendants argue that these witnesses will testify as to the authenticity of the articles purchased by NAA. While the convenience to party witnesses is not given great weight, *see, e.g., Law Bulletin Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1019 (N.D. Ill. 1998), the court must give some weight to the convenience of defendants' suppliers who have been identified as witnesses. Although NAA argues that these non-party witnesses could simply testify through depositions, "live testimony of material non-party witnesses is preferred." *Bally Mfg. Corp. v. Kane*, 698 F. Supp. 734, 738 (N.D. Ill. 1988).

In contrast, NAA states that its witnesses are all located in Illinois, but NAA has not identified any specific witnesses. The court presumes that one of these witnesses would be Mullen, NAA's president who purchased the allegedly offending goods from defendants' website. Other than that, NAA has not identified any witnesses or the nature of those witnesses' testimony. Thus, the court finds that this factor strongly favors transfer to the District of Utah.

    e.  Convenience of the parties

In this factor, the court considers the residence of the parties and their ability to bear the expense of a trial in a particular forum. *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). NAA is an Illinois citizen, and all defendants are Utah citizens. Sherlynn Milne has stated that she does not have the financial resources to litigate in a foreign jurisdiction, and Irvin Milne has stated that he is elderly (age 74) and does not like to fly.

NAA argues that it is a comparably sized entity to defendants, but nothing in Mullen's affidavit or NAA's response indicates that NAA does not have the financial resources to litigate

10

in Utah. NAA also argues that transfer will improperly shift defendants' inconvenience to it, but the court notes that the convenience of the parties is arguably the least important of all of the private interest factors. *See, e.g., Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 820 (8th Cir. 1994); *F&G Scrolling Mouse, L.L.C. v. IBM Corp.*, No. 99 C 1049, 1999 WL 311700, at *5 (N.D. Ill. May 13, 1999) (noting that convenience of the witnesses is more important than the convenience of the parties); *Johnson Worldwide Associates, Inc. v. Brunton Co.*, 12 F. Supp. 2d 901, 908 (E.D. Wis. 1998). The court concludes that transfer of this action will shift some inconvenience to NAA, and so this factor weighs against transfer, but because of Irvin Milne's age and Sherlynn Milne's limited financial resources, does so only marginally.

### 2. *Interests of Justice: Public Interest Factors*

#### a. The court's familiarity with the applicable law

This case involves the application of a federal law, the IACA. NAA argues that courts in this district and the Seventh Circuit are the only courts that have yet ruled on substantive issues arising under the IACA. However, federal courts are equally competent to decide issues of federal law regardless of whether the precise issue has arisen in that district. The court finds that this factor is neutral.

#### b. Speed at which the case will proceed to trial

NAA argues that this case is likely to be disposed of faster if it remains in Illinois. NAA cites statistics that show that judges in Utah have a slightly higher caseload and that the median time from filing to disposition is longer in Utah than in this district. Defendants argue that NAA's statistics are not current, and that this factor makes little difference when compared to the other factors which weigh in favor of transfer. The court agrees that the relative difference in

caseload between this district and the District of Utah is marginal.[1] Under the circumstances, the court considers this factor to be neutral.

                c.      Desirability of resolving controversies in their locale

NAA argues that Illinois has a stronger interest than Utah in determining whether the Jewelry.com website falsely suggests that the goods offered are Indian-made. NAA argues that Illinois has a strong interest in this case because an Illinois citizen (NAA) was harmed by the false advertising. Defendants argue that Utah has a stronger interest than Illinois because Utah has an interest in regulating its own corporations. Defendants also argue that Illinois has no stronger interest than any other state because consumers in any of the fifty states could have viewed the Jewelry.com website. The court concludes that both Illinois and Utah have a legitimate interest in this litigation but that Utah's interest is somewhat stronger since the case involves the conduct of a Utah entity. This factor weighs in favor of transfer.

       3.     *Summary*

Based on the foregoing analysis, the court finds that transfer is appropriate here. Only two factors arguably counsel against transfer: plaintiff's choice of forum and the convenience of the parties. The weight of these factors is very slight, however: not only do these factors favor Illinois only marginally, but the factors themselves are not, taking the overall calculus as a whole, of great significance. Much more important is the convenience of witnesses, which strongly favors transfer to the District of Utah. *Cf. Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.

---

[1]Indeed, it appears that in 2005 the median time for a case to go to trial was longer in this district than in the District of Utah. In the Northern District of Illinois, the time from filing to trial is 27 months, but in the District of Utah, it is 24.5 months. *See* http://www.uscourts.gov/cgi-bin/cmsd2005.pl.

Supp. 2d 958, 962 (N.D. Ill. 2000) (granting transfer where the "most compelling factors – situs of the material events, the relative ease of the access to a potential source of proof and the community's interests – weigh[ed] heavily in favor of transfer"). The court thus concludes that defendants have carried their burden of showing that Utah is clearly the more convenient forum.

### III. Conclusion

For these reasons, Irvin Milne's and Milne Jewelry's motion to dismiss for lack of personal jurisdiction or improper venue is denied. The motion to transfer venue to the United States District Court for the District of Utah is granted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

Dated: June 16, 2006