IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCOTT SALES COMPANY, INC., )<br>)<br>Defendant. )<br>) | Civil Action File No.: 07-CV-6113<br>Judge Gottschall<br>Magistrate Judge Denlow |

## AGREED PERMANENT INJUNCTION AND ORDER

This matter involves litigation pursued by Plaintiff Native American Arts, Inc. (hereinafter "NAA") against Defendant Scott Sales Company, Inc. (hereinafter "Scott Sales") wherein it is alleged that Scott Sales' advertising, offering for sale and selling various items falsely suggested that the items were made by Native Americans and thus in violation of 25 U.S.C. §305e et seq.

While the parties to this action have been litigating the claims and defenses, they have also been discussing resolution of the dispute and have reached a confidential settlement that has, as a material part, the entry by this Court of this Agreed Permanent Injunction and Order. It is understood and agreed by the parties that agreement to this Agreed Permanent Injunction and Order by Scott Sales is not, and is not to be construed as, any admission of any fault or liability whatsoever, which Scott Sales expressly denies.

1. It is agreed and ORDERED that Scott Sales, and its owners, officers, employees and agents, and any persons acting under the direction or control of Scott Sales, are hereby enjoined from advertising, displaying, offering for sale or selling any item in a manner that

falsely suggests that it is Indian produced, an Indian product or the product of a particular Indian or Indian tribe or Indian arts and crafts organization resident in the United States.

2. It is agreed and ORDERED that Scott Sales will be in compliance with the above-stated injunction, and thus not in violation of 25 U.S.C. §305 et seq. (or any rule or regulation promulgated thereunder), if it:

    a) places on its internet website the phrase "Not Native American Made" where the items listed in Exhibit A to the confidential settlement agreement ("Exhibit A items") are displayed on that internet website; and

    b) instructs its field sales representatives to inform any customer or potential customer contacted by the field sales representative, who/which is interested in ordering any Exhibit A item, that the item(s) is/are not Native American made.

3. It is agreed and ORDERED that regarding items currently not offered for sale by Scott Sales but which are, in the future, offered for sale/sold by it, Scott Sales will be in compliance with the above-stated injunction, and thus not in violation of 25 U.S.C. §305 et seq. (or any rule or regulation promulgated thereunder), if it complies with Paragraphs ¶2a)-2b) as to those items which Scott Sales determines, in the good faith exercise of its judgment, are similar to the Exhibit A items.

4. It is agreed and ORDERED that if Native American Arts wishes to assert that Scott Sales has violated the injunction set forth in Paragraphs 1-3 above, it must give Scott Sales written notice of any alleged violation and sixty (60) days thereafter to cure or correct such alleged violation before attempting any enforcement of the injunction. Adequate cure or correction of any alleged violation is the ceasing of any activity not in compliance with

Paragraphs 2a)-2b) and the compliance with those paragraphs within the aforementioned sixty (60) day period.

5. It is agreed and ORDERED that in the event Native American Arts considers the alleged violation not to have been remedied within the afore-mentioned sixty (60) day period, it may petition the Court for such relief as the Court deems necessary. Such petition may not be filed until the expiration of seventy-five (75) days after service of the original notice of alleged violation of the injunction.

6. It is agreed and ORDERED that in no event shall Scott Sales taking action within the referenced sixty (60) day period to address an alleged violation of the injunction be considered an admission by Scott Sales of a violation of the injunction or a violation of any law, statute, rule or regulation.

7. It is agreed and ORDERED that the injunction set forth herein will become effective sixty (60) days from the entry of this Permanent Injunction and Order on the docket ("Injunction Effective Date"). Notwithstanding the foregoing, the injunction set forth herein is not applicable to any product displayed, sold or shipped by Scott Sales prior to the Injunction Effective Date, nor to any marketing, advertising or selling efforts engaged in by Scott Sales prior to the Injunction Effective Date, nor to any marketing or advertising materials distributed or displayed by Scott Sales prior to the Injunction Effective Date.

8. The Court retains jurisdiction over this matter to address enforcement issues regarding the injunction set forth herein.

It is so ORDERED, this the 9 day of April, 2008.

_____
JOAN B. GOTTSCHALL, JUDGE

AGREED TO AND SUBMITTED FOR ENTRY:

*[signature]*

William W. Gibson (Pro Hac Vice)
J. Graham Matherne (Pro Hac Vice)
Wyatt, Tarrant & Combs, LLP
2525 West End Avenue, Suite 1500
Nashville, TN 37203
615-244-0020
Fax: 615-256-1726

Alan F. Curley
Robinson, Curley & Clayton, P.C.
Suite 1700
300 South Wacker Drive
Chicago, IL 60606
312-663-3100
Fax: 312-663-0303

*Counsel for Defendant Scott Sales Company, Inc.*

*[signature]*

Michael P. Mullen
Mullen & Foster
203 N. Wabash Avenue, Suite 2300
Chicago, IL 60601
312-750-1600
Fax: 312-750-1651

*Counsel for Plaintiff Native American Arts, Inc.*
45367632.10